

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

January 13, 1939

Hon. Robert F. Cherry
County Attorney, Bosque County
Meridian, Texas

Dear Mr. Cherry:

Opinion No. O-60
Re: What is the law applica-
ble to the fees of of-
fice allowable to the
Tax Collector, the Tax
Assessor, or the Tax
Collector-Assessor for
Bosque County, Texas
covering the period
from January 1, 1935, to
January 1, 1937?

Your request for an opinion on the following question
has been received by this office.

"What is the law applicable to the fees of
office allowable to the Tax Collector, the Tax Asses-
sor, or the Tax Collector-Assessor for Bosque County,
Texas, covering the period from January 1, 1935, to
January 1, 1937?"

The question involved requires an analysis of Articles
3883 R.C.S., 3883b R.C.S., and 3891 R.C.S. and their history
during the periods mentioned and prior thereto.

Article 3883b Acts 42d Legislature, 1931, Special
Laws, page 255, Chapter 174, Section 1, enacted May 22, 1931, and
effective August 22, 1931 provided:

"In all counties having a population of not less
than 15,550 and not more than 15,800, according to
the last available Federal census, and each available
Federal census thereafter, all officers shall be en-
titled to receive the fees earned in accordance with

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the provisions of the maximum fee bill (Article
3883); provided, however, that in such counties the
maximum fee which may be retained, including all
excess fees, shall be $6,000.00 for each office."

There seems to be some question as to when this Article
was repealed. The editor of Vernon's Annotated Texas Statutes
asserts that this Article was repealed effective May 10, 1937,
(45th Legislature p. 602). This Act being the first Act which
specifically referred to Article 3883b by title, nevertheless, it
is our opinion, that Article 3883b was repealed effective January
1, 1934, through effect of the provisions of the Acts of the
43rd Legislature, Chapter 220, pages 734, 737, as follows:

"The compensations, limitations and maximum
herein fixed in this Act for officers shall include and
apply to all officers mentioned herein in each and
every county of this state, and it is hereby de-
clared to be the intention of the Legislature that
the provisions of this Act shall apply to each of
said officers, and any special or general law incon-
sistent with the provisions hereof is hereby ex-
pressly repealed insofar as the same may be incon-
sistent with this Act."

There is no doubt under our law that a later general law
will repeal another general law when both relate to the same
subject matter. The question might arise here as to whether Arti-
cle 3883b (Acts 42nd Legislature, 1931, sp. laws. p. 355, Chap.
174, Sec. 1) was a special law. Even if it was a special law,
the general rule that a general law does not by implication re-
peal a special one, although both relate to the same subject
matter, is not applicable when the language of the general Act
clearly manifests the Legislature's intent to make such change.
Stein Hagan vs. Eastham, 233 SW 660; Sullivan vs. Galveston, 17 SW
(2d) 478; Burkhart vs. Brazos River Navigation Division, 42 SW
(2d) 96; 39 Tex. Jur. Sec. 67, and following.

You are therefore advised that it is our opinion that
Article 3883b was repealed effective January 1, 1934.

The maximum fee bill, (Acts 43rd Leg., p. 734), which
has been effective since January 1, 1934, provides for a maximum
annual fee to be retained of $2400.00.

The history of Article 3891 (Acts 41st Legislature p. 30), as applicable here, begins effective January 1, 1931 with a provision that the officer in question should first retain from fees collected his maximum annual compensation in the amount of $2250.00; second, he should retain $1250.00 of the excess fees in addition to said $2250.00; and, third, one-fourth of the remaining excess fees until said amount reached an additional $750.00, with the proviso that the ultimate aggregate maximum should not exceed $4500.00. In this connection Article 3892 provided for the retention of delinquent fees as and when to be collected to be applied in the foregoing manner.

Article 3891 was amended (Acts 43rd Legislature p. 736) effective January 1, 1934, to provide fees for the retention of the $2400.00 authorized under Article 3883; second, for the retention of one-third of the excess fees, until the total retention aggregated $3000.00; and further providing that all current fees earned and collected in excess of such maximum and all delinquent fees should be paid to the County Treasurer (p. 737). Article 3891 was again amended (Acts 44th Legislature, 1935, p. 752) effective May 18, 1935, and re-enacted as far as applicable here the provisions of the preceding statute.

The 44th Legislature (effective January 1, 1936) in the Second Called Session, Chap. 465, enacted the officers' salary fund bill, authorizing the Commissioners Court in counties containing a population of less than 20,000 to determine whether the officer in question should be compensated on an annual salary, or fee basis and under the present provisions of Article 3883 and Article 3891, the maximum would be $2400.00 plus one-third of the excess fees, not to exceed an ultimate aggregate maximum of $3000.00.

You are therefore advised that, in our opinion, the maximum fees which the officer in question was authorized to receive and retain for the period of time from January 1, 1935 to January 1, 1936, would be an original maximum of $2400.00 per year, and an additional retention of one-third of the excess fees until the total ultimate aggregate reached $3000.00, and the same for 1936 unless the officers were placed on a salary

basis as authorized by the officers salary fund bill.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      (Signed)
        Claud O. Boothman
                    Assistant

COB:BC

APPROVED:

(Signed) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS